**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4546

FRANCISCO CONTRERAS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-97-228-AW)

Submitted: February 16, 1999

Decided: March 9, 1999

Before WIDENER, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard C. Bittner, BITTNER & DEMYAM, Glen Burnie, Maryland,
for Appellant. Lynne A. Battaglia, United States Attorney, Jan Paul
Miller, Assistant United States Attorney, Greenbelt, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Francisco Contreras appeals his conviction for conspiracy to possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 846 (1994). Finding no error, we affirm.

On July 1, 1997, police arrested numerous individuals in the process of receiving a delivery of 325 kilograms of cocaine at Contreras' automobile repair shop. On September 10, 1997, a DEA informant approached Contreras at the repair shop with a hidden tape recorder and the two men spoke for approximately twenty-five minutes in Spanish. During the conversation Contreras stated that he was supposed to have received $15,000 for the use of his shop in the July 1st delivery. Thereafter Officer Roberto Guerra used the tape to prepare a written transcript in English of the conversation between the informant and Contreras.

Prior to introducing the transcript as evidence at Contreras' trial, the government attempted to qualify Officer Guerra as an expert in translating Spanish into English. Officer Guerra testified that his parents were from Mexico, that his first language was Spanish, and that he had spoken Spanish for twenty-six years. He further testified that his duties as a police officer frequently required him to translate from Spanish to English, and that he had performed this function on numerous occasions in the process of writing police reports documenting his undercover interactions with Spanish speaking drug dealers. Following a vigorous cross-examination that highlighted Officer Guerra's lack of extensive formal training in the Spanish language and Spanish translation, the district court accepted Officer Guerra as a Spanish translation expert. Officer Guerra then testified that the transcription he had prepared accurately stated in English the Spanish conversation captured on the taped conversation between the informant and Contreras. Over Contreras' objection the government introduced the transcript into evidence.

Contreras claims that the district court erred in accepting Officer Guerra as an expert in translating Spanish to English and allowing him to offer an opinion on the accuracy of the transcription that he

2

prepared. He further contends that Officer Guerra was not qualified to transcribe the taped conversation. At trial Contreras challenged Officer Guerra's qualifications to prepare the transcription, but did not present the district court with an alternative transcription or offer any other evidence demonstrating the inaccuracy of the transcription. In contrast, the government offered Officer Guerra's testimony that the transcription was an accurate portrayal of the taped conversation. Because Contreras failed to submit his own translation of the recorded conversation or offer any evidence demonstrating the unreliability of the transcription, we find no abuse of discretion in the district court's decision to admit the transcription offered by the government. See United States v. Zambrana, 841 F.2d 1320, 1335-36 (7th Cir. 1988); United States v. Cruz, 765 F.2d 1020, 1023 (11th Cir. 1985).

Likewise, we find no abuse of discretion in the district court's acceptance of Officer Guerra as an expert qualified to offer his opinion on the accuracy of the transcription of the taped conversation. A district court's decisions regarding the admission of expert testimony are reviewed under the abuse of discretion standard. See United States v. Dorsey, 45 F.3d 809, 812 (4th Cir. 1995). A witness's qualifications to render an expert opinion are liberally judged by Federal Rule of Evidence 702, which provides that a witness may qualify to give expert testimony based on knowledge, skill, experience, training, or education. See Kopf v. Skyrm, 993 F.2d 374, 377 (4th Cir. 1993). Officer Guerra's knowledge of both Spanish and English and his experience translating in his role as a police officer provided a sufficient basis upon which the district court could accept him as an expert in translating Spanish to English. We further find that the district court did not act improperly in observing that Officer Guerra was of Mexican ancestry in making this determination.

We therefore affirm Contreras' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3